UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PIPE TRADES DISTRICT COUNCIL NO 36 HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RT/DT INC, et al.,<br><br>Defendants.<br>_____/ | No. C 11-04015 LB<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[ECF No. 27] |

**I. INTRODUCTION**

Before the court is a motion to enforce a settlement agreement entered into by plaintiffs Board of Trustees of the Pipe Trades District Council No. 36 Health and Welfare Trust Fund, Board of Trustees of the Pipe Trades District Council No. 36 Pension Trust Fund, Board of Trustees of the Pipe Trades District Council No. 36 Apprentice Training Trust Fund, Board of Trustees of the Central California Pipe Trades Industry Labor-Management Cooperation Committee Trust Fund (collectively, "Plaintiffs") and defendants RT/DT Inc. ("RT/DT") d/b/a/ Thomas Plumbing, Robert Thomas, and Dante Thomas (collectively, the "Thomas Defendants"). Upon review of the papers submitted and the arguments of counsel and the parties at the July 5, 2012 hearing, the court ORDERS that this case be reassigned to a district court judge and RECOMMENDS that the newly-assigned district court judge grant Plaintiffs' motion and enter the submitted stipulated judgment.

## II. BACKGROUND

Plaintiffs in this action are administrators and fiduciaries of multi-employer employee benefit plans and trust funds organized pursuant to the Employee Retirement Income Security Act ("ERISA"), Pub. L. No. 93-406 (codified in part at 29 U.S.C. § 1002 *et seq*.) and the Labor Management Cooperation Act of 1978 ("LMCA"), 29 U.S.C. § 141 et seq. Complaint, ECF No. 1 at 2, ¶¶ 4-5.[1] RT/DT is a signatory employer to the Master Labor Agreement ("MLA") that establishes Plaintiffs. *Id*. at 3-4, ¶ 12. Pursuant to the MLA, RT/DT agreed to pay certain fringe benefits contributions for all covered work performed by its employees and to pay certain liquidated damages if it was delinquent in making those contributions. *Id*. at 3-5, ¶¶ 12-19. Throughout the relevant time period, Robert Thomas ("Mr. Thomas") was Responsible Managing Officer, Chief Executive Officer, and President of RT/DT, and Dante Thomas ("Ms. Thomas") was an officer of RT/DT. *Id*. at 3, ¶¶ 8-9, 35. RT/DT failed to make the required contributions for the period from December 2010 through October 2011. *Id*. at 5, ¶¶ 21-23; Yanko Declaration, ECF No. 29 at 2, ¶ 6.

Plaintiffs filed suit against the Thomas Defendants and defendant American Contractors Indemnity Company ("ACIC") on August 16, 2011. *See generally id*. ACIC appeared and answered Plaintiffs' complaint. ACIC Answer, ECF No. 14. The Thomas Defendants failed to appear, and the Clerk of the Court entered their defaults on December 29, 2011. Entry of Default, ECF No. 12.

On December 30, 2011, Plaintiffs and the Thomas Defendants entered into a settlement agreement. Chiu Declaration, ECF No. 31, Ex. A. The settlement agreement provides, in relevant part, as follows:

<u>Recitals</u>

. . .

WHEREAS, the [Thomas Defendants] acknowledge that the Trust Contributions are currently due and unremitted in the amounts reflected below, along with liquidated damages and interest thereon pursuant to the terms of the [MLA], and the costs and

---

[1] Because the Thomas Defendants defaulted, all of the factual allegations (except those relating to damages) in Plaintiffs' complaint are taken as true. *Geddes v. Unitde Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

attorneys' fees incurred by the [Plaintiffs] in the Action, in the following amounts:

| | |
|---|---|
| Principal Contributions (Dec. 2010 – Oct. 2011) | $103,754.82 |
| Liquidated Damages | $20,750.82 |
| Interest | $23,896.71 |
| Costs and Attorneys' Fees (to date) | $6,500.00 |
| Total ("Total Amount") | $154,902.49 |

. . .

Terms and Obligations

1. Settlement Amount.  The Settlement Amount shall comprise the principal contributions, interest, costs and attorneys' fees described [in the Recitals].  The [Thomas Defendants] shall remit a cashier's check or money order in the amount of five thousand dollars ($5,000.00) within five (5) calendar days of their execution of this Agreement, which shall be applied toward the Settlement Amount.  The [Thomas Defendants] shall then remit eight thousand dollars ($8,000.00) per month, beginning January 15, 2012, and on the fifteenth (15th) calendar day of each month thereafter, until the entire Settlement Amount has been paid. . . .

2. Conditional Waiver.  The [Plaintiffs] conditionally waive the liquidated damages described [in the Recitals], subject to the [Thomas Defendants'] strict and timely performance of their obligations herein.  In the event the [Thomas Defendants] fail to perform any obligation herein, including, but not limited to, their obligations to remit the initial remittance or any portion of the Settlement Amount when due, or their failure to remit any subsequent contributions when due, the entire Total Amount described [in the Recitals] (not merely the Settlement Amount) shall immediately become due and payable, as provided herein.

3. Stipulation and Order for Judgment; Default.  The [Thomas Defendants] shall execute the attached Exhibit A (Stipulation and Order for Judgment) concurrently with their execution of this Agreement.  In the event the [Thomas Defendants] fail to perform any obligation herein, the [Plaintiffs] shall have the right to insert the entire unpaid balance of the Total Amount (not merely the Settlement Amount) in the blank line in Exhibit A, and then file Exhibit A with the Court after five (5) calendar days' prior written notice to the [Thomas Defendants] and ACIC. . . .

. . .

7. Acknowledgment of Joint and Several Liability.  Robert Thomas and Dante Thomas understand and acknowledge that they are jointly and several[ly] liable for all obligations imposed upon RT/DT by this Agreement.  In the event RT/DT fails to perform any of its obligations under this Agreement, the [Plaintiffs] may, at their sole and unfettered discretion, enforce any judgment or obligation described herein against one or both of them individually, without further notice, either concurrently with, or in lieu of, enforcement against RT/DT or the other.

. . .

9. Reservation of Rights Against ACIC; Tolling.  This Agreement is not intended to waive, release or otherwise impair any rights that the [Plaintiffs] may have against ACIC. . . .

1   10. Reservation of Rights re: Additional Contributions and Actions. This Agreement is not intended to address any contribution period other than the months represented by the Trust Contributions. . . .

   11. Settlement Agreement Voluntary. The Parties have read this Agreement, and understand that it is intended to be binding upon them. Each Party acknowledges that he, she or it has received an adequate opportunity to consult with his, her or its own counsel regarding the language, scope and effect of this Agreement, and in the light of the above, voluntarily enters into it.

   . . .

   19. Costs and Attorneys' Fees. Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees incurred in the Action. In the event it is necessary to enforce or interpret the terms of this Agreement, or collect any of the Settlement Amount or Total Amount, the [Plaintiffs] shall be entitled to recover all expenses incurred in connection with any such action, including, but not limited to, collection and court costs, attorneys' fees and expert witness fees incurred to date and hereafter.

*Id*. As the settlement agreement stated they would, Plaintiffs and the Thomas Defendants executed a stipulated judgment that Plaintiffs would have the right to file with the court in the event the Thomas Defendants did not make the payments required by the settlement agreement. *Id*., Ex. A.

Plaintiffs say that the Thomas Defendants have not made any of the required payments. Chiu Declaration, ECF No. 31 at 2, ¶ 6. On February 1, 2012, Plaintiffs' counsel sent the Thomas Defendants an email notifying them that Plaintiffs had not received the required payments and that Plaintiffs, pursuant to the terms of the settlement agreement, intended to file the stipulated judgment with the court and that the judgment would seek the "Total Amount" of $154,902.49. *Id*., Ex. B. On February 3, 2012, Ms. Thomas requested that Plaintiffs' counsel provide her with "the back up for the figures." *Id*., Ex. C. Plaintiffs' counsel replied to Ms. Thomas that same day and explained that the Total Amount was found in the settlement agreement and was based on the terms of the MLA and the settlement agreement. *Id*., Ex. D. Plaintiffs' counsel also reiterated that Plaintiffs had not received any payments and invited Ms. Thomas to tell him if he was mistaken in that regard. *Id*. (Plaintiffs' counsel wrote: "If you believe a payment has been made, please let me know and provide me with a cancelled check, etc. Otherwise, we will assume out records are correct, and insert the full Total Amount into the Stipulated Judgment."). As of May 31, 2012, Ms. Thomas had not responded to Plaintiffs' counsel's invitation. *Id*. at 3, ¶ 9.

On May 31, 2012, Plaintiffs filed a motion to enforce the settlement agreement. Motion, ECF

1  No. 28. In light of the Thomas Defendants' failure to make the required payments and pursuant to
2  the terms of the settlement agreement, they ask the court to enter the stipulated judgment that
3  Plaintiffs and the Thomas Defendants signed on December 30, 2011. *Id*. Neither the Thomas
4  Defendants nor ACIC filed an opposition to Plaintiffs' motion, but Mr. Thomas and Ms. Thomas
5  appeared at the July 5, 2012 hearing. 7/5/2012 Minute Entry, ECF No. 39. At that hearing, Mr.
6  Thomas and Ms. Thomas agreed to the entry of the stipulated judgment and stated that they wanted
7  to informally work with Plaintiffs to resolve this matter.

### III. LEGAL STANDARD

"[I]n the usual litigation context . . . courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978). Moreover, "disputes concerning a settlement agreement are governed by applicable state contract law." *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *2 (N.D. Cal. Mar. 31, 2010).

### IV. DISCUSSION

As described above, Plaintiffs and the Thomas Defendants entered into a settlement agreement. That settlement agreement states that the Thomas Defendants, jointly and severally, agreed to make certain payments to Plaintiffs by certain dates. The Thomas Defendants have not made any payments and thus are in violation of the settlement agreement's terms. In such circumstances, the settlement agreement allows Plaintiffs to insert the Total Amount of $154,902.49 into the previously-executed stipulated judgment and to request that the court enter that stipulated judgment. Entry of the stipulated judgment, then, is warranted pursuant to the settlement agreement that Plaintiffs and the Thomas Defendants entered into. Other courts in this district have seen fit to do the same in similar situations. *See San Francisco Residence Club v. Amado*, No. C09-2054 RS (JSC), 2012 WL 2119269, at *1 (N.D. Cal. June 11, 2012); *Geller v. Bowers*, No. CV 11-00874 PSG, 2012 WL 1895961, at *2 (N.D. Cal. Apr. 13, 2012); *U.A. Local 342 Joint Labor-Mgmt. Comm.*, 2010 WL 1293522, at *3. Moreover, at the July 5, 2012 hearing, Mr. Thomas and Ms. Thomas agreed to the entry of the stipulated judgment.

## V.  CONCLUSION

Based on the foregoing, the court believes that entry of the stipulated judgment is warranted. The stipulated judgment is in favor of Plaintiffs and against the Thomas Defendants, jointly and severally, in the amount of $154,902.49.  Because the Thomas Defendants have not formally appeared in this action, and therefore have not consented or declined this court's jurisdiction[2], the court ORDERS the Clerk of the Court to reassign this action to a district court judge and RECOMMENDS that the newly-assigned district court judge enter the submitted stipulated judgment.[3]

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72.  Failure to file an objection may waive the right to review of the issue in the district court.

Plaintiffs are ORDERED to serve a copy of this order on the Thomas Defendants.

**IT IS SO ORDERED.**

Dated: July 5, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] At the July 5, 2012 hearing, the court noted that even if Mr. Thomas and Ms. Thomas consented to its jurisdiction, they cannot consent on behalf of RT/DT, which is a corporate entity that may only appear in this action through a member of the bar of this court.  *See* N.D. Cal. Civ. L.R. 3-9(b).

[3] In their motion, Plaintiffs also request permission to file a motion to recover the attorneys' fees and costs incurred in filing the instant motion to enforce the settlement agreement.  Motion, ECF No. 28 at 12-13.  Such a motion is contemplated by the settlement agreement, Chiu Declaration, ECF No. 31, Ex. A, and the court RECOMMENDS that Plaintiffs be allowed to do so.  If the newly-district court judge is so inclined, the undersigned would be happy to either rule on the motion or provide a report and recommendation.